

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| IN RE BI-LO, LLC | § § § § § § § | CIVIL ACTION NO. 08:10-02159-HFF |

ORDER

## I. INTRODUCTION

This case involves personal injury tort claims filed by Ann Stone in a chapter 11 bankruptcy case commenced by Bi-Lo, LLC, and other related entities (Debtors). Pending before the Court is Debtors' motion to withdraw reference of the matter from the Bankruptcy Court. Debtors maintain that the Court has jurisdiction pursuant to 28 U.S.C. § 1334 and may withdraw reference under 28 U.S.C. § 157(d). Having carefully considered the motion, the objection, the record, and the applicable law, it is the judgment of this Court that the motion will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

On March 23, 2009, Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. In accordance with 28 U.S.C. § 157(a) and Local Civil Rule 83.IX.01 DSC, the case was automatically referred to the United States Bankruptcy Court for the District of South Carolina. After serving notice to potential creditors, Debtors, acting as the debtor-in-possession, established August 13, 2009, as the claims bar date.

On April 27, 2009, Ann Stone filed two personal injury tort claims, claims numbers 388 and 643, arising from injuries that she allegedly suffered while shopping in a local Bi-Lo store. In her claims, she seeks $155,139.96 in damages, which includes compensation for lost wages, medical costs, and pain and suffering.

Bi-Lo filed a Fourth Amended Plan of Reorganization (the Plan) on April 13, 2010, to which Ann Stone objected on April 13, 2010. On April 29, 2010, the Bankruptcy Court entered a consent order whereby the court abstained from hearing any objection to Stone's personal injury claims. Debtors' Plan was confirmed on April 30, 2010, and it became effective on May 12, 2010. Under the Plan, a creditors' trust was created with a trustee overseeing the resolution and payment of claims from the trust assets. Clingman and Hanger Management Associates, LLC (Trustee), which was neither a debtor nor a creditor, was appointed trustee. Pursuant to the Plan, the Bankruptcy Court provided for an injunction to protect numerous entities, including the creditors' trust, in its confirmation order.

On July 23, 2010, Trustee filed an objection to Stone's claims. In its objection, Trustee contends that it has reason to believe Stone's injuries, damages, and pain and suffering are overstated. It also asserted that she failed to provide sufficient documentation to make a prima facie showing of the validity of her claims.

Trustee subsequently filed this Motion to Withdraw Reference, asking the Court to determine all issues relating to Stone's personal injury claims and to liquidate them. Stone responded by filing an objection to the Motion.

## III. CONTENTIONS OF THE PARTIES

Trustee wishes to withdraw the automatic reference of Stone's personal injury claims from the Bankruptcy Court so that this Court can liquidate the claims and determine any other issues related to them. It maintains that this Court has the power to withdraw reference of these claims under 28 U.S.C. § 157(d) because "cause" exists to do so, but it fails to explain what constitutes "cause." Instead, it observes that these claims do not involve "core proceedings" as defined in § 157(b)(2) and that the Bankruptcy Court has abstained from hearing the matter.

Stone objects to Trustee's Motion to Withdraw Reference, arguing that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1334 to hear the personal injury claims because her claims against the creditors' trust do not arise under title 11 and are unrelated to a case under title 11. According to Stone, her claims against Trustee will not affect the bankruptcy estate because the assets transferred to the creditors' trust no longer constitute property of the bankruptcy estate. Furthermore, she asserts that Debtors are no longer parties to the case and that her claims against Trustee, which is neither a debtor nor a creditor, will not have any impact on the administration of the bankruptcy estate. She cites to *New Horizon of NY LLC v. Jacobs*, 231 F.3d 143 (4th Cir. 2000), for the proposition that the Court lacks jurisdiction. In short, Stone urges that her claims should be litigated in South Carolina's state courts rather than in federal court.

## IV. DISCUSSION AND ANALYSIS

Congress has granted federal district courts the "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). District courts may, in turn, refer such cases to bankruptcy judges. *See id.* § 157(a) ("Each district court may provide that . . . any or all proceedings arising under title 11 or arising in

3

or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). Indeed this district automatically refers all such cases and proceedings to bankruptcy judges. Local Civil Rule 83.IX.01 DSC. Nevertheless, district courts retain the power to withdraw reference for any case or proceeding if "cause [is] shown" and adjudicate the case or proceeding itself. § 157(d).

Federal district courts may, however, abstain from exercising jurisdiction over cases or proceedings related to a case under title 11 if abstention would be "in the interest of justice, or in the interest of comity with State courts or respect for State law." *Id.* § 1334(c)(1). A federal district court's decision to abstain from hearing such a case or proceeding is "not reviewable by appeal." *Id.* § 1334(d).

The Bankruptcy Court for the District of South Carolina has adopted twelve factors to consider when deciding whether to exercise discretionary abstention. *Am. Investors Life Ins. Co. v. Salinas (In re Salinas)*, 353 B.R. 124, 128 (Bankr. D.S.C. 2006). These factors are as follows:

> 1. The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;
> 2. The extent to which state law issues predominate over bankruptcy issues;
> 3. The difficulty or unsettled nature of the applicable state law;
> 4. The presence of a related proceeding commenced in state court or other nonbankruptcy court;
> 5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> 6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> 7. The substance rather than form of an asserted "core" proceeding;
> 8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> 9. The burden of the bankruptcy court's docket;
> 10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> 11. The existence of a right to a jury trial; and
> 12. The presence in the proceeding of nondebtor parties.

4

*Id.* (citing *Dunes Hotel Assocs. v. Hyatt Corp. (In re Dunes Hotel Assocs.)*, Nos. CIV.A 94-75715-W, 95-8223-W, 1996 WL 33340785, at *7 (Bankr. D.S.C. July 11, 1996)). While these factors are not binding on the Court, they are instructive in guiding its discretion.

Assuming without deciding that jurisdiction over Stone's claims exists under § 1334(b), the Court has determined that abstention from litigating Stone's claims would promote interests of comity with South Carolina state courts and therefore declines to exercise jurisdiction over them. A number of factors lead the Court to this conclusion. First and foremost, the Court believes that state law issues in this case will far outweigh all bankruptcy issues, if any were even to arise. Stone's claims are personal injury tort claims resulting from an alleged injury that she suffered while shopping at a Bi-Lo store. These claims are quintessential state law tort claims, and any legal issues that arise will almost assuredly sound in state law. Congress seems to have recognized as much when it expressly excluded personal injury tort claims from its definition of "core" bankruptcy proceedings. § 157(b)(2). Furthermore, this Court fails to see how it would have jurisdiction over the claims except under § 1334. Outside of any bankruptcy context, these claims would most certainly belong in state court.

Although Stone's claims raise state law issues that would ordinarily belong in state court, the inquiry does not end there. The Court recognizes that, in certain contexts, it would be appropriate for a federal court to litigate these claims for the purpose of efficiently administering a bankruptcy case. In this case, however, the Court believes that litigating Stone's claims in South Carolina state courts would not prevent the efficient administration of the bankruptcy estate. South Carolina state courts could just as easily handle the litigation of these claims as this Court without any adverse effect on the administration of the bankruptcy estate. The Court sees no added benefit

5

in litigating these claims in federal court as opposed to state court. Because these claims raise quintessential state law issues, they are most appropriately handled by South Carolina courts.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that the motion be **DENIED**.

**IT IS SO ORDERED**.

Signed this 5th day of October, 2010, in Spartanburg, South Carolina.

                                                     s/ Henry F. Floyd
                                                   HENRY F. FLOYD
                                                   UNITED STATES DISTRICT JUDGE